UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| KENNETH D. GOINS, ) | Case No. 09-43538-659 |
| ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| KENNETH GOINS, ) | **Adversary No. 10-4244-659** |
| ) | |
| ) | |
| Plaintiff, ) | **PUBLISHED** |
| ) | |
| -v- ) | |
| ) | |
| DEPARTMENT OF TREASURY INTERNAL ) | |
| SERVICE, ET. AL. ) | |
| ) | |
| Defendants. ) | |

# **O R D E R**

The matter before the Court is Count II of Debtor Kenneth D. Goins' Complaint to Determine Nature, Validity, Priority and Dischargeability of Debt and the United States' Motion to Dismiss and Abstain. The Court resolves the matter below.

Debtor Kenneth D. Goins (hereinafter "Debtor") filed for relief under Chapter 13 of the Bankruptcy Code on April 20, 2009. On June 11, 2009, Debtor's bankruptcy case was converted to a Chapter 7 case. Debtor's Schedule E listed payroll taxes (Trust Fund Recovery Penalty taxes) for the tax years 2006-2008 in the amount of $75,796.84 (hereinafter "TFRP Taxes").

Debtor's Chapter 7 bankruptcy case was declared a no-asset case and the Court granted Debtor a discharge on November 16, 2009. Debtor's case was closed on March 1, 2010. On April 21, 2010, Debtor moved to reopen his bankruptcy case. On May 13, 2010, the Court granted Debtor's Motion to reopen Debtor's case to permit Debtor to "file Reaffirmation Agreements and Adversary Complaints to obtain determinations of dischargeability of debts." *See* Order, May 13, 2010. Debtor filed this Adversary Complaint on May 27, 2010.

Debtor argues the TFRP Taxes are related to Goins, Graham and Associates, LLC (hereinafter the "Firm") in which Debtor had a mere 5% ownership interest and did not have any knowledge, responsibility or direct control for the years 2007, 2008 or 2009. Debtor states that Debtor did not receive any equity payments from the Firm after August 2006. Debtor states that Debtor did not file, sign and was not responsible for any tax filings with regard to the Firm.

Debtor requests that this Court assert its permissive jurisdiction and determine whether Debtor is liable for the "employment taxes". Thus, Debtor requests that this Court determine whether Debtor is liable for the TFRP Taxes. While absent from the prayer in the Complaint, it appears that in the event this Court determines that Debtor is liable for the TFRP Taxes, Debtor requests that this Court determine the amount of Debtor's obligation thereof.

The Internal Revenue Service (hereinafter "IRS") first argues that the debt for the TFRP Taxes is not dischargeable under the bankruptcy code. The IRS further argues that this Court should abstain from any determination of the extent or amount of Debtor's obligation for the TFRP Taxes because there is no bankruptcy purpose for such a determination at this time.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2010) and Local Rule 81-9.01 of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (2010). Venue is proper in this District under 28 U.S.C. § 1409(a) (2010).

## CONCLUSIONS OF LAW

Section 507(a)(8)(C) allows a governmental authority to bring a cause of action to collect any debt for taxes, plus interest and penalties, "which was required to be collected or withheld for which the debtor is liable in whatever capacity." 11 U.S.C. § 507(a)(8)(C) (2010). Any tax debt allowed under Section 507(a)(8) is excepted from discharge. 11 U.S.C. § 523(a)(1)(A) (2010).

Section 6672(a) of the Internal Revenue Code provides that "[a]ny person required to

collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax...shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected. 26 U.S.C. § 6672(a) (2010). Taxes assessed against a debtor pursuant to 26 U.S.C. § 6672 are entitled to priority status under 11 U.S.C. Section 507(a)(8)(C) and are thus excepted from discharge under 11 U.S.C. Section 523(a). *In re Mosbrucker,* 227 B.R. 434, 437 (B.A.P. 8th Cir. 1998), *aff'd,* 198 F.3d 250 (8th Cir. 1999); *see also United States v. Sotelo,* 436 U.S. 268, 282, 98 S.Ct. 1795, 1803, 56 L.Ed.2d 275 (1978)(where taxes that were required to be withheld by the employer and paid to the IRS were assessed against the debtor pursuant to 26 U.S.C. § 6672 and were excepted from discharge under 11 U.S.C. § 523(a)). The TFRP Taxes were assessed against Debtor pursuant to 26 U.S.C. Section 6672(a) and are therefore within the purview of Section 507(a)(8)(C) and are thus excepted from discharge pursuant to 11 U.S.C. Section 523(a).

Debtor however argues that Debtor had at most a 5% interest in the Firm and exercised no control over the Firm's compliance with the Internal Revenue Code. Debtor therefore requests that this Court determine the extent of Debtor's obligation for the TFRP Taxes.

This Court has discretionary authority to determine the amount owed by Debtor to the IRS. See 11 U.S.C. § 505(a)(1)(C) (2010). In deciding whether to exercise their discretion under Section 505(a)(1), courts have looked to a number of factors, including:

> 1. the complexity of the tax issue to be decided;
> 2. the asset and liability structure of the debtor;
> 3. the length of time required for trial and decision;
> 4. judicial economy;
> 5. the burden on the court's docket;
> 6. prejudice to the debtor; and
> 7. potential prejudice to the taxing authority responsible for collection from inconsistent judgments.

*See In re Shapiro*, 188 B.R. 140, 143 (Bankr. E.D. Pa.1995); *In re D'Alessio*, 181 B.R. 756, 759 (Bankr. S.D.N.Y. 1995).

-3-

Abstention from determining a tax liability to the IRS is especially appropriate in no-asset bankruptcy cases. *In re Williams,* 190 B.R. 225, 227(Bankr. W.D. Pa. 1995) (where the bankruptcy court abstained from determining debtor's liability to the IRS given that the case was a no-asset case); *In re Kaufman,* 115 B.R. 378, 379 (Bankr. S.D. Fla 1990) (where a determination of the debtor's tax liabilities in bankruptcy court would not have any effect in the administration of the bankruptcy case and thus abstention was warranted). Debtor's case is a no-asset Chapter 7 case and thus, the extent of Debtor's tax liability would not further any bankruptcy purpose. No assets will be made available for distribution to creditors regardless of the determination made as to Debtor's obligation for the TFRP Taxes. As such, any time spent litigating this dispute in bankruptcy court would be an inefficient use of this Court's time, resources and would unjustifiably burden this Court's docket. Further, Congress intended to grant bankruptcy court jurisdiction to determine certain tax issues for the benefit of the bankruptcy estate, thus, where there is no benefit to the estate, such determinations are futile and do not serve the intended purpose. *In re Millsaps,* 133 B.R. 547, 554 (Bankr. M.D. Fla 1991)(citing 124 Cong.Rec. H11095 (1978)).

Moreover, the Court notes that it has jurisdiction to determine the extent of Debtor's tax liability, however, the Court lacks jurisdiction over the other partners of the Firm whom the TFRP Taxes were also assessed against. *See U.S. v Huckabee Auto Co.,* 783 F.2d 1546 (11th Cir. 1986); *see generally Croyden Associates v. Alleco, Inc.,* 969 F.2d 675 (8th Cir. 1992) (where issuer of debentures who sought protection under bankruptcy code was entitled to the automatic stay but the stay was not available to the nonbankrupt co-defendants); *American Prairie Const. Co. v. Hoich*, 560 F.3d 780 (8th Cir. 2009). Any suit in District Court can properly include or join all potentially responsible parties to the litigation. In sum, abstention also works to avoid any prejudice to Debtor, the IRS and Debtor's former partners at the Firm. The Court further notes that pursuant to 26 U.S.C. Section 7422(a), an individual who believes that a tax was erroneously or excessively assessed may file suit for recovery after first filing a claim for refund or credit with the Secretary.

26 U.S.C. § 7422(a) (2010).

As any determination of the extent of Debtor's obligation to pay the TRFP Taxes would be inapposite,

**IT IS ORDERED THAT** the United States' Motion to Dismiss and Abstain is **GRANTED** in that Debtor's request for determination of dischargeability of the TFRP taxes is dismissed for failure to state a claim in that the TFRP taxes are nondischargeable in this bankruptcy case pursuant to 11 U.S.C. § 507(A)(8)(C) and 11 U.S.C. § 523(a); and

**IT IS FURTHER ORDERED THAT** this Court will abstain from any determination of the amount of Debtor's obligation in regard to the TFRP taxes; and

**IT IS FURTHER ORDERED THAT** all other requests are **DENIED.**

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: October 4, 2010
St. Louis, Missouri

Copies to:

| | |
|---|---|
| Office of the United States Trustee<br>Thomas F. Eagleton U.S. Courthouse<br>111 South 10th Street, Suite 6.353<br>St. Louis, MO  63102 | Department of Treasury Internal Revenue Service<br>Cincinnati, OH 45999-0025 |
| Stephanie M. Page<br>US Dept. of Justice, Tax Division<br>555 4th Street, N.W.<br>Room 8921 C<br>Washington, DC 20001 | USA/IRS<br>U.S. Department of Justice<br>P.O. Box 7238<br>Ben Franklin Station<br>Washington, DC 20001 |
| Kenneth D Goins<br>5261 Delmar<br>Suite B<br>St. Louis, MO 63108 | Kenneth Goins<br>6328 Garesche Ave<br>St. Louis, MO 63136 |